■ The People of the State of New York, Respondent, v Maurice Benston, Appellant. [895 NYS2d 370]—

Judgment, Supreme Court, Bronx County (Darcel D. Clark, J.), rendered June 28, 2006, convicting defendant, after a jury trial, of assault in the second degree, attempted assault in the second degree, criminal possession of a weapon in the fourth degree, criminal contempt in the first degree (four counts), criminal contempt in the second degree (two counts), intimidating a victim or witness in the third degree, aggravated harassment in the second degree and harassment in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 5½ years, unanimously affirmed.

The court properly exercised its discretion in admitting limited references, in medical records and testimony, to the fact that the victim was diagnosed as having been subjected to domestic violence involving a former boyfriend. These circumstances, including the identity of the perpetrator, directly affected the prescribed treatment, which included having the victim treated by a social worker, providing her with literature about domestic violence, and formulating a safety plan (*see People v Rogers*, 8 AD3d 888, 892 [2004]). In any event, any error in the receipt of this evidence was harmless. Defendant's remaining evidentiary arguments are unpreserved and without merit.

The court's reasonable limitations on defendant's impeachment of the victim did not violate defendant's right of confrontation (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]).

During re-cross-examination, the court properly directed defense counsel to go on to another subject after he had thoroughly explored the issue of when the victim first reported a death threat made by defendant. Although defendant asserts that the court incorrectly ruled this line of questioning to be improper re-cross-examination, the record reveals that the court permitted extensive questioning on this subject and only terminated it when it became repetitive. The court also properly exercised its discretion in ruling that, if the defense wished to play a recording of a 911 call in order to impeach the victim's account of the precise information she gave the 911 operator, the recording could not be redacted to excise references to defendant's status as a parolee. In light of the victim's testimony that her attempts to relay information to the operator were repeatedly interrupted, the court providently determined that playing a redacted recording of the call could be misleading to the jury. Concur—Gonzalez, P.J., Saxe, Moskowitz, Abdus-Salaam and Román, JJ.